Nash, J.
The statutes providing for the filing and refiling of chattel mortgages are as follows:
■ “ Section 4150. A mortgage or conveyance intended to operate as a mortgage of goods and chattels which is not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things mortgaged, shall be absolutely void as against the creditors of the mortgagor, subsequent purchasers and mortgagees in good faith, unless the mortgage or a true copy thereof be forthwith deposited as directed in the next section.
“Section 4151. The instruments mentioned in the last section shall be deposited with the clerk of the township where the mortgagor resides at the time of the execution thereof, if a resident of the state, and if not such resident then with the clerk of the township in which the property so mortgaged is situated at the time of the execution of the instrument; but when the mortgagor is a resident of a *599 township in which, the office of county recorder is kept, or when he is a non-resident of the state and the property is within such township, the mortgage shall be filed with the county recorder.
“ Section 4155. Every mortgage so filed shall be void as against the creditors of the person making the same or against subsequent purchasers or mortgagees in good faitli after the expiration of one year from the filing thereof, unless within thirty days next preceding the expiration of the said term of one year, a true copy of such mortgage, together with a statement verified as provided in the last section, together with a statement exhibiting the interest of the mortgagee in the property at the time last aforesaid claimed by virtue of such mortgage, is again filed in the office where the original was filed.”
The question now presented is in a case where the mortgage was executed by two joint owners of the mortgaged property, who lived in two townships. When first filed it was with the clerk of each township. When the refiling required by section 4155 took place it yras deposited with the clerk of the township in which one of the makers resided, but not with the clerk of the township where the other maker lived. This omission rendered the mortgage void as against the creditors of the mortgagors, subsequent purchasers and mortgagees in good faith, as the mortgagors retained possession of the things mortgaged.
This conclusion follows from the construction which we think should be given to certain words of sections 4151 and 4155.
Section 4151 provides that chattel mortgages “ shall be deposited with the clerk of the township where the mortgagor resides at the time of the execution thereof.” Section 23 R. S., authorizes us, in the interpretation of this section, to hold that words in the plural number include the singular, and words in the singular include the plural, unless the context shows that another sense was intended. Applying this rule to the words quoted from sections 4151 in a case where the chattel mortgage is executed by two or *600 more makers, they provide that such a mortgage or a true copy thereof must be deposited with the clerks of the townships where the mortgagors reside. Applying the same rule to the closing words of section 4155, they provide that in the re-filing of a like chattel mortgage it must be again filed in the ofiices where the original or true copies thereof were filed. _
There is nothing in the context showing that another sense was intended, but the end sought by the legislature to be attained by these sections requires that this construction should be adopted.
Section 4155 expressly declares that a chattel mortgage not re-filed in accordance with its provisions within thirty days next preceding the expiration of one year from its first filing, is void as against creditors or subsequent purchasers or mortgagees in good faith, and it follows that we cannot give life to the mortgage involved in this controversy.
In the cases, Rich v. Roberts, 48 Me., 548; Morrill v. Sanford, 49 Id., 566, and Stewart v. Platt, 101 U. S., 731, the supreme judicial court of Maine and the supreme court of the United States in considering statutes like the statutes of Ohio relating to chattel mortgages, gave to them the same interpretation that we have given to our statutes in this case.

Judgment affirmed.